Aron Alvin Holley v. Commissioner.
Holley v. Commissioner
Docket No. 2053-70 SC.
United States Tax Court
T.C. Memo 1971-64; 1971 Tax Ct. Memo LEXIS 269; 30 T.C.M. (CCH) 274; T.C.M. (RIA) 71064; March 31, 1971, Filed. Aron Alvin Holley, pro se, 3449 Prospect, Kansas City, Mo. Wayne A. Smith, for the respondent. FORRESTER
*270 Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's income tax of $855.38 for the calendar year 1967. The parties have reached agreement on one of the issues so that the only question left for our decision is whether petitioner is entitled to five deductions for dependency exemptions. Findings of Fact Some of the facts have been stipulated and are so found. The stipulation and the exhibits attached thereto are incorporated herein by this reference. Petitioner, an aircraft mechanic, filed an individual Federal income tax return for 1967 with the district director of internal revenue at Kansas City, Missouri. Petitioner's legal residence at the time of the filing of the petition herein was Kansas City, Missouri. On September 20, 1966, petitioner was divorced from Alexia A. Holley (hereinafter referred to as Alexia) under a decree of the Circuit Court of Jackson County, Missouri. The decree granted custody of the six children born of that marriage to Alexia and ordered petitioner to pay as support and maintenance $42 per child per month. The six children and their approximate ages in 1967 were as follows: Aron Holley
19
Reginald Holley
17
Patricia Holley
14 or 15
Sharon Holley
11 or 12
Mark Holley
9
Bonita Holley
7
*271 On January 28, 1967, and October 6, 1967, petitioner paid Alexia $125 and $100, respectively, for the support of the children. Alexia gave him signed receipts for each of these payments. On his return for 1967, petitioner claimed personal exemptions for Reginald, Patricia, Sharon, Mark, and Bonita. Petitioner did not claim an exemption for his oldest son Aron because Aron was supporting himself at the time. During 1967, however, the five children for whom petitioner claimed exemptions remained in Alexia's custody. Opinion Petitioner sought to deduct $3,000 as dependency exemptions for five of his children. All five of the children were in the custody of his ex-wife during the year in question. Section 151(e) allows as deductions exemptions for each dependent (as defined in section 152) satisfying certain income, age, educational, and/or marital requirements. [1]
*272 276 The term "dependent" includes within its meaning a taxpayer's child, compare section 151(e)(3) with section 152(a)(1) and (2), if over half of the child's support for the calendar year in which the taxpayer's taxable year begins was received from the taxpayer (or is treated under section 152 (e) as received from the taxpayer). Sec. 152(a). For taxable years ending after December 31, 1966, the general rule of section 152(e) provides in part that a child who receives over half of his support during the calendar year from his divorced parents and who is in the custody of one of the parents for the whole calendar year shall be treated (unless section 152(e)(2) applies) as receiving over half of his support during the calendar year from the parent having custody. Part of section 152 (e)(2) provides that a child of divorced parents shall be treated, in effect, as the dependent of the parent not having custody if the parent not having custody provides $1,200 or more for the support of the child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year and the parent having custody of the child does not clearly establish that he provided *273 more for the support of the child during the calendar year than the parent not having custody. Thus, although the burden of proof in cases before this Court is generally upon the taxpayer, the recently enacted provisions of section 152(e) have eased somewhat the petitioner's burden of proving that he contributed over half the support for the five children he has claimed as exemptions. Unfortunately petitioner has not satisfied a condition precedent to the applicability of this salutary legislation because, as the parent not having custody of the children, he has failed to show that he spent $1,200 or more for the support of the children during 1967. Petitioner's evidence consisted primarily of his own testimony. He testified that he had paid $212.50 per month during 1967 for the support of the five children for whom he claimed exemptions. He also testified that his ex-wife, Alexia, had given him receipts for each of these payments in 1967, but that he had discarded most of the receipts since he did not think that he would have any need for them. Accordingly, he introduced three signed receipts which supported his claim that he had made cash support payments to Alexia. Two of the *274 receipts (representing a total of $225) bore 1967 dates. The third receipt clearly bore the date March 21, 1969, and, therefore, has not been considered in ascertaining the amount of cash payments petitioner made to Alexia in 1967. In direct contrast to petitioner's testimony, Alexia and one of petitioner's daughters testified that petitioner had never made more than a few of the payments which he was supposed to have made. All three of the witnesses seemed as straightforward in their demeanor as they were unbending in their adherence to their particular versions of the facts. In the absence of a more persuasive showing by petitioner, we cannot say that his largely unsubstantiated testimony showed by the clear preponderance of the evidence that he paid more than $225 for the support of all five children during 1967. 277 Therefore, by failing to show that he provided at least $1,200 for the support of his children during 1967, petitioner has failed to shift the burden of proof to respondent. See , on appeal (C.A. 5, Jan. 4, 1971). As petitioner has not even attempted to prove the total amount spent for each child's support, *275 we need not now decide whether petitioner could have proceeded to show, under section 152(a) (independently of section 152 (e)), that he supplied more than half of the support for each child. The deductions for five additional personal exemptions for dependents under section 151(e) must be denied. Decision will be entered under Rule 50. Footnotes
1. Unless otherwise specified all section references are to the Internal Revenue Code of 1954, as amended. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * * (3) Child Defined. - For purposes of paragraph (1) (B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer. * * * SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, (2) A stepson or stepdaughter of the taxpayer, * * * (e) Support Test in Case of Child of Divorced Parents, etc. - (1) General Rule. - If - (A) a child (as defined in section 151(e)(3) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special Rule. - The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if - * * * (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. (3) Itemized Statement Required. - If a taxpayer claims that paragraph (2)(B) applies with respect to a child for a calendar year and the other parent claims that paragraph (2)(B) (i) is not satisfied or claims to have provided more for the support of such child during such calendar year than the taxpayer, each parent shall be entitled to receive, under regulations to be prescribed by the Secretary or his delegate, an itemized statement of the expenditures upon which the other parent's claim of support is based. * * * (5) Regulations. - The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purposes of this subsection.↩